UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| v. | § | SA-19-CR-391(28)-XR |
| | § | |
| ROBERT EUGENE HERNANDEZ | § | |

**ORDER**

On this day came on to be considered Defendant's motion to suppress (dkt. no. 1292). An evidentiary hearing was held on June 11, 2019.

**Indictment**

The Government alleges that the Defendant was a sergeant and later promoted to a lieutenant in the Texas Mexican Mafia. He is charged in a third superseding indictment with conspiring with others to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, in violation of Title 18, United States Code, Section 1951 (Count One). He is also charged with conspiring with others to distribute and to possess with intent to distribute controlled substances (methamphetamine, cocaine and heroin) contrary to Title 21, United States Code, Sections 841 (a)(1) & 841 (b)(1)(A) and in violation of Title 21, United States Code, Section 846 (Count Two). In Count Eighteen, the Defendant is charged with possession of a firearm in furtherance of drug trafficking crimes. In Count Nineteen, the Defendant is charged with possession with intent to distribute methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) & 841(b)(l)(C). In County Twenty, the Defendant is charged with being a felon in possession of a firearm. In County Twenty-One, the Defendant is charged with conspiring with others to possess firearms in furtherance of the drug

1

trafficking crimes charged in Counts Two, Eleven and Nineteen of the Third Superseding Indictment contrary to Title 18, United States Code, Sections 924(c)(l) and (o).

**Defendant's motion**

Defendant argues that law enforcement officers did not procure a search warrant and he did not give valid consent to a search of his apartment.[1]

**Analysis**

A search without a warrant "is per se unreasonable, subject to certain exceptions." *United States v. Gonzalez–Garcia*, 708 F.3d 682, 686 (5th Cir. 2013). Valid consent given by the Defendant is constitutionally permissible. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). The government has the burden of proving that the consent exception applies. *Bumper v. North Carolina*, 391 U.S. 543, 548 (1968).

The consent exception requires that the government show "(1) effective consent, (2) given voluntarily, (3) by a party with actual or apparent authority." *United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010) (citing *United States v. Gonzales*, 121 F.3d 928, 938 (5th Cir. 1997)).

In the Fifth Circuit six factors are evaluated to determine whether a defendant voluntarily consented to a search. "The factors include: (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating

---

[1] In his response to the motion to suppress Defendant argues that police officers "threatened that if he did not allow them into the apartment to search it they would get a warrant and tear the place apart. Defendant was coerced into giving his consent to search."

2

evidence will be found." *United States v. Perales*, 886 F.3d 542, 546 (5th Cir. 2018). "Although all six factors are relevant, no single factor is dispositive." *Id.*

An indictment in this case was initially filed on May 17, 2017. On that same date a warrant was issued for the Defendant's arrest.

On September 6, 2018, law enforcement officers were observing an apartment building located at 4411 Gardendale, San Antonio, Texas. The Defendant was seen meeting with an unidentified person in a black GMC Yukon in the parking lot. As the Defendant began walking to an apartment building he was intercepted and arrested pursuant to the arrest warrant.

The Government argues that the Defendant asked if he could change his clothes before being taken to jail and that because he was cooperative, the officers agreed to his request subject to a protective sweep of the apartment being accomplished. According to the Government the Defendant agreed to a protective sweep. Once inside Task Force Officer Onofre saw empty shell casings on a dresser and asked the Defendant if there were any firearms in the apartment. According to the Government, the Defendant stated there was a weapon on the top drawer of the dresser. After securing the weapon, the Defendant was allowed to change clothes.

TFO Onofre read the Defendant his *Miranda* rights and after acknowledging his rights, the Defendant was asked why he had a gun and whether he would consent to a search of the apartment.

The Defendant verbally consented and signed various written consents.

At the evidentiary hearing, Officer Onofre testified that the Defendant, after wanting to lock his apartment door, thereafter requested to change clothes before being taken to the police station. Officer Onofre further testified that he explained that a protective sweep of the

apartment would need to be done before allowing the Defendant inside and changing clothes. Officer Onofre testified that the Defendant agreed and consented to allowing officers inside the apartment. The Defendant testified that he did not consent to police officers entering his apartment. The Government's supplemental response supports Officer Onofre's version of events. The Defendant requested to change clothes and his "booking" photo and the Clothing/Inmate Property Record support that the Defendant was no longer wearing the gym shorts and shirt he was wearing at the time of his arrest, that the police officers accommodated his request to go inside his apartment to change clothes and that he also agreed to the protective sweep. It is uncontested that a shell casing was found inside the Defendant's bedroom (although the Defendant testified that it merely was part of an altar/memorial to his father).

Applying the six-factor test above, the Defendant has a previous criminal history and was well aware of his rights. Nevertheless, he voluntarily waived his rights and consented to the entry of police officers into his apartment. The motion to suppress is denied.

SIGNED this 17th day of June, 2019.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE